THAYER *v.* SEEBERGER, Collector.

(*Circuit Court, N. D. Illinois.* August 1, 1887.)

CUSTOMS DUTIES—ASSESSMENT OF DUTY—ARTISTS' COLORS.

An importation of "artists' colors," in tubes, composed of ochre and umber, but elaborately prepared for that use, is not subject to duty under clause 87 of the new tariff index, which provides that "colors and paints, including lakes, whether dry or mixed, or ground with water or oil, and not specially enumerated or provided for in this act, 25 per centum *ad valorem;*" but should be assessed under clause 89, which provides that "ochre and ochre earth, umber and umber earths, and sienna and sienna earths, when dry, one-half of one cent per pound; when ground in oil, one and one-half cents per pound."

*Jesse A. Baldwin,* for plaintiff.

*Graham II. Harris,* Asst. U. S. Dist. Atty., for the collector.

BLODGETT, J. Plaintiff imported an invoice of painters' colors, commonly known as "artists' colors," in tubes, consisting of preparations of ochres and umbers. The collector assessed duty on them at 25 per centum *ad valorem,* under clause 87 of the new tariff index. Plaintiff insisted that the goods in question should have been assessed at a duty of one and a half cents per pound, under clause 89 of the new tariff, as ochre and umber ground in oil. The duties exacted were paid under protest; an appeal taken to the secretary of the treasury, who affirmed the action of the collector; and this suit was brought, in apt time, to recover the amount so paid under protest.

The goods in question are preparations of ochre and umber for artists' use, ground in oil, and put up in small tin-foil tubes. Clause 87, under which the duties were assessed, reads as follows: "Colors and paints, including lakes, whether dry or mixed, or ground with water or oil, and not specially enumerated or provided for in this act, 25 per centum *ad valorem;*" while the clause under which plaintiff insists the goods should have been assessed for duty is as follows: "Ochre and ochre earth, umber and umber earths, and sienna and sienna earths, when dry, one-half of one cent per pound; when ground in oil, one and one-half cents per pound." The proof shows that the goods in question are manufactured from the ordinary ochre and umber by crushing and washing the ores, and then grinding them to impalpable powder, under muller stones, after which they are mixed with poppy oil, or some colorless oil, so as to produce pigments adapted to the finest kind of portrait and landscape painting. The ordinary ochre and umber used for common purposes, such as

painting buildings, utensils, etc., is manufactured by grinding in an ordinary paint-mill, and then mixing with oil, without a careful elimination of the grosser materials and impurities, and the complete comminution of the pigment, such as is intended to be accomplished by the mulling stones; and the only question in this case is whether clause 89, which admits ochre and ochre earths, and umber and umber earths, at a duty of one and a half cents per pound when ground in oil, includes these elaborately prepared pigments.

It does not seem to me that congress intended to make any distinction as to the care with which the paints in question are prepared for the purpose of fixing the duty thereon. The ochre and umber contained in these tubes is still ochre and umber, notwithstanding the careful preparation which it has undergone to adapt it to the finer classes of painting; and I can only reconcile clause 87 with clause 89 by reading the former in this way, "colors and paints, except ochre and umber," etc.; otherwise the ochre and umber of clause 89 would depend, for the amount of the tariff imposed upon them, upon the care used in their preparation, while it seems to me the clear purpose of clause 89 is to admit ochres and umbers, when ground in oil, at a specific duty of one and a half cents per pound, without regard to the manner in which they are prepared for use. The issue is therefore found for the plaintiff.